## STATE EX REL. GALL v. WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 15, October Term, 1948.]

*Decided January 12, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, HENDER-SON, and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from refusal of a writ of habeas corpus. The applicant was tried in 1944, in the Criminal Court of Baltimore City, on indictments charging burglary and assault with intent to rape. He was represented by counsel of his own selection and waived a jury trial. Upon conviction on both charges he was duly sentenced to ten years in the Maryland Penitentiary, to run concurrently. He contends, in his petition for release on writ of habeas corpus, that his conviction was unlawful because he produced five witnesses to prove an alibi and took the stand himself to testify that he was at home when the crime was committed, although he admits that he was positively identified by the prosecuting witness. It is too clear to require citation of authority that the weight or sufficiency of the evidence cannot be reviewed in this proceeding.

The applicant alleges that he wrote a letter to the trial judge, six days after the sentence, asking for a new trial and an appeal to this court. He does not allege that any motion or application was made by his counsel of record. If his letter could be treated as a motion for new trial, it was made more than three days after the verdict and was obviously not in time. Rule 502, Rules of the Supreme Bench. He states that the trial judge wrote him a letter in reply on the following day and directed that both letters be noted in the docket entries and made a part of the record. The record on this application does not show the contents of either letter. If his letter could be treated as intended to note an appeal, it was still incumbent upon him to perfect the record within the time

allowed, or to employ new counsel to do so if his counsel of record was unwilling to represent him on appeal. The cases of *Bernard v. Warden,* 187 Md. 273, 49 A. 2d 737 and *Jewett v. State,* 190 Md. 289, 58 A. 2d 236 afford no basis for relief under the circumstances shown.

The applicant has filed in this court what purports to be a complete transcript of the docket entries and testimony in the original trial. An examination of this transcript shows no grounds for reversal, even if we should treat the case as a delayed appeal. The sum and substance of his complaint, as elaborated in a brief filed here, is that the testimony of the prosecuting witness was incredible, and that the trial court should not have believed her story but should have believed the testimony of the accused and his witnesses. But even on direct appeal we cannot pass upon the credibility of testimony. That is a matter for the trier of the facts in the first instance, subject to review only upon motion for new trial. Compare *Barber v. State,* 191 Md. 555, 62 A. 2d 616.

*Application denied, without costs.*